UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLOVER, et al.<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON &<br>QUANTICO HOUSING LLC, et al.<br><br>　　　　　　　　　Defendants. | Case No.:  20cv567-LAB (WVG)<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[DOCKET NUMBER 26]** |

　　　Plaintiffs, residents of military housing, brought this action against Camp Pendleton & Quantico Housing, LLC; LPC Pendleton Quantico PM, LP; and Lincoln Military Property Management, LP in California state court. They alleged that Defendants failed to maintain the plumbing, resulting in the property's becoming contaminated with mold, and that they were injured as a result. Defendants removed this action, citing federal enclave jurisdiction, federal agency jurisdiction, and federal officer jurisdiction.

　　　Defendants filed a motion to dismiss for lack of jurisdiction, under Fed. R. Civ. P. 12(b)(1). (Docket no. 26.) They argue that, as government contractors acting within the scope of Congressionally-delegated authority, they are entitled to derivative immunity under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940)

and its progeny. They also argue that they are entitled to the benefit of the "discretionary function" exception to the Federal Tort Claims Act (FTCA), as provided in 28 U.S.C. § 2860(a). Plaintiffs opposed the motion.

The United States, though not a party, filed a statement of interest pursuant to 28 U.S.C. § 517, in the form of a brief with attached evidence. (Docket no. 43.) The government takes the position that Defendants are not entitled to immunity. Defendants filed a reply to the government's statement.

The motion is now fully briefed and ready for decision.

**Legal Standards**

Defendants have challenged jurisdiction, arguing that as government contractors they are entitled to derivative sovereign immunity, and that such immunity is jurisdictional. It is questionable whether the type of immunity Defendants rely on is truly jurisdictional. *Compare Adkisson v. Jacobs Eng'g Group, Inc.*, 790 F.3d 641, 646–47 (6th Cir. 2015) (discussing circuit split on the issue of whether *Yearsley* derivative immunity is jurisdictional). The parties have not identified any authority binding on this Court saying clearly whether it is.

Assuming that immunity under *Yearsley* is not jurisdictional, Defendants' motion is properly considered as one brought under Fed. R. Civ. P. 12(b)(6), and the Court's review would be limited to the face of the Complaint. Unless the Court converted the motion into a motion for summary judgment, it could not consider any of the proffered evidence or other matters outside the pleading. *See Thompson v. Campbell Crossing, LLC*, 2017 WL 157885, at *1–2 (W.D. Ky., Jan. 13, 2017) (analyzing whether motion to dismiss based on *Yearsley* immunity was properly treated as a 12(b)(1) or 12(b)(6) motion). If *Yearsley* is not jurisdictional, the motion raises matters not properly considered under the 12(b)(6) standard, and would be denied for that reason. *See id.* at *2 (construing motion as properly brought under Rule 12(b)(6), and denying it).

/ / /

When a defendant raises a factual challenge to the Court's jurisdiction, the Court may consider matters outside the pleading, without converting the motion to a motion for summary judgment. *See Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). Assuming, *arguendo*, that *Yearsley* immunity is jurisdictional, the Court would deny the motion as well, as discussed below.

**Sovereign Immunity**

The United States enjoys sovereign immunity from suit, unless it has expressly waived that immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides such a waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). *Yearsley* recognizes, within limitations, that acts of the United States' agents are also the acts of the United States itself.

*Yearsley* involved a claim against a federal contractor who carried out the terms of its federal directive to improve navigation on the Missouri River. The contractor's liability stemmed from the fact that it had carried out the government's directions, which resulted in damage to the plaintiffs' land, for which the plaintiffs sought compensation. It was undisputed that the contractor's work done in the river bed "was all authorized and directed by the Government of the United States," and that the work was performed pursuant to an act of Congress. 309 U.S. at 20. Because the contractor was carrying out Congress' directive pursuant to validly-conferred authority, the contractor could not be liable. *Id.* at 21. The opinion noted, however, that agents of the government could be held liable where the "ground of liability [was] either that he exceeded his authority or that it was not validly conferred." *Id*. at 20–21 (collecting cases). In other words, contractors can be liable to the extent they fail to act according to government specifications.

The Ninth Circuit has also explained that this derivative immunity is limited to cases where the contractor had no discretion, and was following government specifications completely. *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797

F.3d 720, 732 (9th Cir. 2015) (citing *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1001 (9th Cir. 2008)). In other words, a contractor is derivatively immune only to the extent it is correctly carrying out its validly-conferred authority and is following government specifications. *Yearsley*, 309 U.S. at 20–21; *Cabalce*, 797 F.3d at 732. To the extent the contractor exercises discretion, it is not immune. *Id.* (because defendants designed a plan "without government control or supervision," they were not entitled to derivative immunity).

Not all circuits apply such a broad standard. *See Adkisson* 790 F.3d at 646–47. In particular, the Fourth Circuit, whose decisions Defendants cite, construes *Yearsley* immunity more broadly. S*ee Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000) (recognizing derivative immunity for contractors who perform a discretionary function within the scope of a valid government contract). But the Court is bound to apply Ninth Circuit precedent.

*Cabalce* is particularly instructive and apt here. In that case, the defendants had contracted with the United States to store and dispose of seized property. Seized fireworks they had been storing and intended to destroy accidentally exploded, killing several employees. The decedents' representatives sued, alleging that the defendants had acted negligently. The government did not supervise defendants or direct their day-to-day actions, but instead relied on their expertise. Because it was clear they exercised discretion, derivative sovereign immunity under *Yearsley* was unavailable. 797 F.3d at 732.

Defendants contend that *Cabalce*'s holding has been vitiated by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), which they believe expanded immunity to any government contractor acting within its validly-conferred contractual authority. The purpose of granting certiorari, however, was to resolve a question concerning mootness. *Id.* at 160. The holding reiterated *Yearsley*'s holding that a contractor "who simply performed as the Government directed" was entitled to derivative immunity. *Id*. at 167. But because the contractor unquestionably

disobeyed government instructions, it was clear derivative immunity was unavailable. *Id.* at 168. Other courts in this Circuit also treat *Cabalce* as still vital, even after *Campbell-Ewald*. *See, e.g.*, *WhatsApp Inc. v. NSO Group Technologies Ltd.*, 2020 WL 5798378 at *5 n.5, ___ F. Supp. 3d ___ (Sept. 29, 2020) (citing both *Cabalce* and *Campbell-Ewald*, and treating both decisions as authoritative).

For the first time, Defendants raise qualified immunity, which they appear to conflate with derivative sovereign immunity. (*See* Docket no. 44 at 3:5–13.) *Campbell-Ewald* at 167–68 (distinguishing between qualified and derivative immunity). Defendants have not shown why qualified immunity would apply here, even if they had adequately raised it. *See Carter v. City of Carlsbad*, 799 F. Supp. 2d 1147, 1164 (S.D. Cal., 2011) (holding that qualified immunity did not protect officers from state law negligence claims).

While Defendants in this case were following a general plan approved by the Navy in how they maintained the housing, they were given discretion in responding to most service requests. (*See* Mot. to Dismiss (Docket no. 26-1) at 5:13–26, 22:4–16.) Defendants' own detailed description of how they handled Plaintiffs' service calls shows they were responding to the situation in the manner they thought best.

Defendants' motion contends that they are entitled to immunity if they acted under validly-conferred authority and their actions were authorized by contract and consistent with the contract. It is undisputed that Defendants were acting according to validly-conferred authority. Defendants, in effect, are asking the Court to apply out-of-circuit precedent as affording immunity because their actions are performed pursuant to and consistently with a government contract — that is, where their actions are permitted by the government. Under the Ninth Circuit's holding, however, derivative immunity is available only when contractors are carrying out government instructions, without exercising any discretion of their own — that is, where their actions are not merely permitted but directed by the government. To the extent claims arise from their own discretionary activity, they are not immune.

Here, Plaintiffs have alleged that Defendants negligently maintained the property, which permitted mold to grow, resulting in Plaintiffs' injury. Even though Defendants' maintenance of the property was authorized by the government and the government provided some guidance, it clearly was not directed by the government. The fact that Defendants also seek to benefit from the discretionary function exception to the FTCA only underscores this.

**FTCA and Discretionary Function**

Defendants suggest that the FTCA "questionably applies to government contractors," and cite *In re U.S. Consol. Atmospheric Testing Litig.*, 820 F.2d 982 (9th Cir. 1987) and *In re: KBR, Inc. Burn Pit Litig.*, 744 F.3d 326 (4th Cir. 2014). On this basis, they argue that the "discretionary function" exception to liability under the FTCA applies to them. They agree that the text of 28 U.S.C. § 2671 excludes contractors from FTCA application.

The authority Defendants cite does not apply to them. In *Atmospheric Testing*, the plaintiffs sued both the United States and certain contractors for injuries caused by radiation resulting from the use and testing of atomic weapons. However, 50 U.S.C. § 2783(b)(1) (formerly 42 U.S.C. § 2212(a)(1)) provided that the FTCA was the exclusive remedy for injury due to radiation based on acts or omissions of contractors carrying out atomic weapons under a contract with the United States. *See id.*, 820 F.2d at 986 (citing this provision). Because the contractors fit within this statutory provision, the FTCA applied and the United States was properly substituted in as the sole defendant. *See id.* at 992 ("Section 2212 is therefore a valid exercise of Congressional power. The United States must be substituted as the defendant in place of the contractors, and the contractors dismissed from these actions.").

*KBR* and a number of other precedents Defendants cite in this section make reference to the "military contractor" exception, which immunizes private contractors providing military equipment to the United States in accordance with

contract specifications. *See Boyle v. Utd. Techs. Corp.*, 487 U.S. 500, 512 (1988) (adopting elements of this defense). *See Hukkanen v. Air & Liquid Sys. Corp.*, 2017 WL 1217075, at *2 (C.D. Cal., Mar. 31, 2017) (citing cases limiting the military contractor defense to those who design and manufacture military equipment). *KBR* also applies the *Yearsley* standard which, for reasons discussed above, does not immunize Defendants.

Although Defendants provide military housing, they do not fall within the "military contractor" exception. *See In re Hawaii Federal Asbestos Cases,* 960 F.2d 806, 812 (9th Cir. 1992) (military contractor exception did not immunize manufacturers of home insulation not manufactured with the military in mind); *Nielsen v. George Diamond Vogel Paint Co.*, 892 F.2d 1450, 1455 (9th Cir. 1990) (holding that *Boyle*'s rationale did not apply to paint manufactured to further civilian objectives, even if used in military project). Nor have they suggested or that some other provision of law brings claims against them within the FTCA.

**Other Relevant Statutory and Contractual Provisions**

The parties agree that Defendants lease and operate the property as private entities under the Military Housing Privatization Initiative (MHPI), 10 U.S.C. §§ 2871–85. The effect of this is that the provision of housing under the MHPI is no longer a government function. The private company leases land from the military (here, the Navy), and is the exclusive manager of the property; the Navy retains no managerial authority or responsibility.

The government has provided both the agreement and the ground lease. Although Defendants have pointed to a Navy-approved mold management plan and other Navy guidance on how to manage the property, there is nothing to suggest that the government was exercising its discretion and that Defendants were merely following orders as given. While the Navy approved the plan, the plan was not the Navy's. (Docket no. 26–3 (Rizzo Decl.) ¶¶ 9–10.) Defendants agree that they exercised a significant amount of discretion under the mold management

plan and maintenance plan. (Mot. at 5:13–26, 22:4–16.) All in all, it is clear Defendants exercised their own judgment, rather than merely acting on government orders. It is also apparent that their judgment about how to respond to maintenance requests was governed by factors other than the factors underlying the "discretionary function" exception to the FTCA. While they have pointed to factors they think are public policy considerations (Rizzo Decl., ¶ 10), the decisions here were based on much more individualized factors. *See Federico v. Lincoln Military Housing, LLC*, 2013 WL 5409910, at *4, *6 (E.D. Va., Sept. 25, 2013) (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)) (holding that decisions about how to manage mold in military housing were not grounded in an exercise of discretion).

In case 19cv2329-JM (MDD), *Childs v. San Diego Family Housing, LLC* (S.D. Cal.) District Judge Miller reached the same conclusion as the Court has in this Order, albeit on the basis of slightly different reasoning. (*See* Docket no. 34 in that case.) That order is now on appeal, and Defendants have urged the Court to wait for the Ninth Circuit to issue its decision before ruling on their motion. There is no good reason to delay at the moment, however. If the *Childs* order is reversed on appeal, Defendants may bring it to the Court's attention.

Precedents in this area of the law are not uniform, and district courts have struggled to interpret and apply some of the leading cases. Nevertheless, it appears district courts uniformly reject arguments such as the ones Defendants have advanced here, albeit on different grounds. In three other cases this Order has cited or discussed where operators of housing under the MHPI were sued for negligently managing the property — *Childs*, *Thompson*, and *Federico* — district courts confronted arguments similar to the ones advanced here. The defendants did not from *Yearsley* or other immunity in these cases. Although other decisions depended on different reasoning, it does not appear that any court has granted a 12(b)(1) motion to dismiss on the legal grounds advanced here.

**Conclusion and Order**

It is unclear whether *Yearsley* immunity is jurisdictional, but whether it is or not, Defendants' motion cannot succeed. If it is not jurisdictional, Defendants cannot properly seek dismissal in a Rule 12(b)(1) motion relying on evidence. But even if it is, Defendants are not entitled to *Yearsley* immunity. The FTCA does not cover these claims. The motion to dismiss (Docket no. 26) is **DENIED**.

**IT IS SO ORDERED**.

Dated:  March 12, 2021

Honorable Larry Alan Burns
United States District Judge