1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

JASON CLOVER, et al.,

Plaintiffs,

v.

CAMP PENDLETON & QUANTICO HOUSING, et al.,

Defendants.

Case No.: 20-CV-567-LAB-WVG

**ORDER ON EX PARTE APPLICATION TO AMEND DISCOVERY RESPONSE FOR REQUEST FOR ADMISSION (SET ONE) PURSUANT TO F.R.C.P. 36(B)**

17
18
19
20
21
22
23
24

Before the Court is Plaintiffs' *Ex Parte* Application to Amend Discovery Response for Request for Admissions (Set One) Pursuant to F.R.C.P. 36(b) ("*Ex Parte* Application" or "Application"). (Doc. No. 96.) Plaintiffs move the Court to grant Plaintiffs leave to amend their response to Defendant's Request for Admission ("RFA") No. 18 pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. Plaintiffs explain they inadvertently responded "ADMIT" to RFA No. 18 and instead intended to answer with a denial. For this reason, Plaintiffs seek to correct their response to this single discovery request.

25
26
27
28

In compliance with Civil Chambers Rule VI, Plaintiffs' *Ex Parte* Application explains that, on February 22, 2023, Plaintiffs' counsel notified defense counsel of their intention to file the instant Application. (See Doc. No. 96-1, ¶ 4, 6.) On February 27, 2023, Plaintiffs also provided advance notice to this Court's Chambers of the *ex parte* filing.

Plaintiffs then proceeded with filing the instant Application. (Doc. No. 96.) Pursuant to Civil Chambers Rule VI, Defendants' response to Plaintiffs' *Ex Parte* Application was due no later than 5:00 p.m. on February 28, 2023. Defendants missed their filing deadline by over one day, filing their Response in Opposition to the Application ("Opposition") on March 1, 2023, at 6:25 p.m. (Doc. No. 102.)

Defendants' late-filed Opposition is not well taken. This Court's Civil Chambers Rule VI makes clear "after service of the *ex parte* application, opposing counsel will ordinarily be given until 5:00 p.m. on the next business day to respond. If more time is needed, opposing counsel *must* call Judge Gallo's Research Attorney assigned to the case to request to modify the schedule." Civ. Chambers R. VI, Hon. William V. Gallo. (emphasis added). If they needed more time beyond the standard 24-hour deadline to respond to the *Ex Parte* Application, Defendants wholly failed to notify Chambers of such need. For this reason, Defendants' Opposition is procedurally defective. Underscoring the point is Defendants' misreading of the Court's February 6, 2023, Order, where the Court expressly directed Plaintiffs to file an *Ex Parte* Application in compliance with Civil Chambers Rule VI: "In the event the Parties are not aligned on Plaintiffs' discovery request here, Civil Chambers Rule VI directs Plaintiffs to jointly contact this Court's Chambers to provide advance notice of its intended *ex parte* filing, separate and apart from providing advance notice of the *ex parte* application to Defendants." (Doc. No. 78, 2:8-12.) Defendants argue Plaintiffs' *Ex Parte* Application is procedurally defective because it is not a noticed motion, but Defendants err in their position in light of the Court's clear instruction to Plaintiffs to proceed with an *ex parte* filing if the Parties did not agree to file a joint motion. Thus, even if the Court were inclined to consider Defendants' Opposition on the merits – which it is not – Defendants procedural argument bears no fruit.

Defendants assert only one other argument in support of their Opposition, namely that they would be prejudiced by Plaintiffs' withdrawal of their admission. Defendants purport they believed Plaintiffs abandoned their effort to seek withdrawal of their admission. From there, Defendants claim they consider the instant Application an unfair

20-CV-567-LAB-WVG

surprise in the midst of trial preparation. The Court is skeptical of surprise on this issue. Defendants' Opposition admits Plaintiffs' (1) immediately notified Defendants of the erroneous admission on November 16, 2023, (2) followed up with Defendants about the matter one month later in "late December," (3) filed an initial motion for leave to correct the response on February 3, 2023, and (4) renewed their motion via the instant Application on February 27, 2023, after providing advance notice of the filing five days earlier on February 22, 2023. (Doc. No. 102, 6:6-19.) Although Plaintiffs could have moved with more alacrity on their request for relief, there is no dispute the issue was raised to Defendants at least three times since November 16, 2023, leading up to the instant Application's filing. Defendants may be inconvenienced by the *Ex Parte* Application's filing, but the Court strains to see unfair surprise here and indeed finds none.

Moreover, Rule 36(b) of the Federal Rules of Civil Procedure provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Given Plaintiffs' representation that their admission to RFA No. 18 was inadvertent, the Court finds Plaintiffs' request for leave to amend their discovery response is appropriate to preserve an accurate record for litigation purposes. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citing Fed. R. Civ. P. 36(b) advisory committee notes) (explaining the purpose of Rule 36 is to provide for "truth-seeking" in litigation and "efficiency in dispensing justice."). The response bears on one of the Plaintiffs' medical conditions, which relates to Plaintiffs' claims that they suffered damages when they were exposed to moisture, water intrusion, and mold while living at a property Defendants maintained. (*See generally* Doc. Nos. 1-2, 1-3.)

/ / /

Further, given Defendants' baseless procedural argument and failure to articulate actual prejudice by Plaintiffs' amendment, the Court finds Defendants have failed to meet their burden as to prejudice[1]. Fed. R. Civ. P. 36(b); *Conlon*, 474 F.3d at 622 (indicating party who obtained admission bears the burden of proving prejudice by the withdrawal); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Accordingly, the Court GRANTS Plaintiffs' *Ex Parte* Application and allows Plaintiff to submit an amended response to RFA No. 18 from Set One of Defendant's Requests for Admission. Plaintiff shall serve its amended discovery response **no later than five (5) days from the date of this Order's issuance**.

**IT IS SO ORDERED.**

Dated: March 1, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[1] Defendants misplaced the burden of proof as to prejudice onto Plaintiffs in their Opposition in stating "Plaintiff does not to any degree detail the prejudice they would face if Ex Parte relief were not offered." (Doc. No. 102, 4:4-5.) As cited herein, Rule 36(b) exclusively places the burden of proof on this issue onto the party opposing withdrawal of a discovery response.