UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLOVER, et al.,<br><br>                                 Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON &<br>QUANTICO HOUSING LLC, et al.,<br><br>                                 Defendants. | Case No.: 20cv567-LAB (WVG)<br><br>**ORDER GRANTING PETITION FOR MINORS COMPROMISE— J.C. AND P.C. [Dkt. 153]** |

Before the Court is Plaintiffs' unopposed Petition for Minor's Compromise ("Petition"), which was timely filed consistent with Magistrate Judge Michael S. Berg's March 15, 2023 Order. (Dkt. 151). Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and Civil Rule 17.1 of the Southern District's Civil Local Rules, Plaintiffs seek approval of settlement terms and amounts for each of the two minors, Plaintiffs J.C. and P.C. (collectively, "Minor Plaintiffs"), by and through their guardian ad litem, Roger Holmes. The Court has carefully reviewed and considered the terms of the Petition and finds them fair and reasonable.

I. **LEGAL STANDARD**

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R.

Civ. P. 17(c) (district courts "must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented [by a guardian conservator or the like] in an action"). In settlement contexts, this special duty triggers district courts to conduct an independent inquiry to determine whether the "settlement serves the bests interests of the minor." *Dacanay v. Mendoz*, 573 F.2d 2075, 1080 (9th Cir. 1983). This independent inquiry must stand even where the "settlement has been recommended or negotiated by the minor's parent or guardian ad litem*." Lobaton v. City of San Diego*, 2017 WL 2610038 (S.D. Cal. June 16, 2017) (citing *Salmerson v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983)).

Ninth Circuit precedent establishes that courts considering petitions for minor's compromise should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Hernandez v. United States*, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020) (citing *Robidoux*, 638 F.3d at 1181–82)). In doing so, courts need not consider "the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. (citing *Dacanay*, 573 F.2d at 1078).

## II. DISCUSSION

Plaintiffs Jason and Valerie Clover, along with their minor children, J.C. and P.C., are former residents of military housing at Marine Corps Base Camp Pendleton ("Camp Pendleton"), located at 296 Tierra Blanca, Oceanside, California ("Property). They brought this action against Defendants Camp Pendleton & Quantico Housing LLC ("Camp Pendleton") and LPC Pendleton Quantico Property Management, LP ("LPC") (collectively, "Defendants"), for injuries stemming from Defendants' alleged failure to properly maintain or repair Plaintiffs' residence, which led to moisture, water intrusion, and mold conditions.

On March 4, 2023, this Court issued an Order granting in part Defendants' motion for summary judgment, dismissing four of Plaintiffs' ten claims. (Dkt. 106). The Court scheduled the jury trial in this matter to begin on March 13, 2023. (Dkt.107). However, Magistrate Judge Berg held a Settlement Conference with the parties on March 13th; the parties settled the case and placed the terms of the settlement on the record. (Dkt. 151). As part of their post-settlement instructions, Plaintiffs were ordered to file their petition for approval of minor's compromise by March 22, 2023. (*Id*. ¶ 1). Plaintiffs did so. Attached to the Petition as Exhibits A and B are California state MC-350 forms for each minor, setting forth the terms of the settlement and the intended distribution plan of the settlement proceeds. (Dkt. 153). According to the Petition, the total gross settlement amount in this case is $600,000, and the proceeds are to be divided as follows: $545,000 to Jason and Valerie Clover, collectively; $50,000 to J.C.; and $5,000 to P.C. The Exhibits reveal that Plaintiffs J.C. and P.C. each stand to receive a net settlement amount of $37,500 and $3,750, respectively.

### A. Proposed Settlement

Minor Plaintiffs' net recoveries reflect fair compensation for the damages they suffered. As a result of exposure to mold on the Property, Minor Plaintiff J.C. allegedly suffered from eczema, chronic congestion, chronic headaches, chronic nosebleeds, allergy-type symptoms, behavioral issues, neurological issues, Pediatric Acute-onset Neuropsychiatric Syndrome ("PANS"), and Chronic Inflammatory Response Syndrome ("CIRS"). (Dkt. 153-1 ¶ 6, Ex. A ¶ 6). He continues to receive treatment for his PANS and CIRS diagnoses. (*Id*. ¶ 8(b)). Meanwhile, Minor Plaintiff P.C. allegedly suffered from severe eczema and dermatitis due to her exposure to mold, but she has fully recovered from her injuries since leaving the Property. (*Id*. ¶¶ 6–8, Ex. B ¶ 6).

The Court has performed its own independent review of analogous cases and finds that the proposed net settlement amounts to go to Minor Plaintiffs are in

line with similar minors' compromises approved of in other cases. *See, e.g., Tipton v. Camp Pendleton & Quantico Hous.*, LLC, 2022 WL 5133481, at *4 (S.D. Cal. Oct. 4, 2022) (approving proposed net settlement of $3,750 to each minor for premises liability, negligence, and related claims in case involving water leak and mold exposure); *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *5 (S.D. Cal. Sept. 18, 2020), *report and recommendation adopted*, No. 320CV00224GPCAHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020) (approving total gross settlement amount of $67,500, with net settlement amounts of $19,793.29 and $1,277.04 going to two minor plaintiffs, respectively, for claims involving mold-related medical injuries); *Armendariz v. Kittyhawk Realty, Inc.*, No. 37-2017-00016518-CU-PO-CTL, 2018 WL 8786615, at *2 (Cal. Super. May 22, 2018) and 2018 WL 8786616, at *2 (Cal. Super. May 22, 2018) (approving total gross settlement amount of $300,000 for family of four, with $75,000 gross and approximately $48,000 net to each of the two minors for physical injuries caused by mold exposure and improper conditions in the subject property); *Tran et al. v. Camden USA, Inc.*, Case No. 3:09-cv-01259-AJB, ECF No. 22 (S.D. Cal. Mar. 12, 2010) (approving total gross settlement amount of $150,000 for a family of three, with $60,000 gross and $45,000 net settlement amount to minor plaintiff in a case involving allegations of water damage in the plaintiffs' home that purportedly led to fungal contamination and physical injuries including allergic, irritant, and infectious responses).

Based upon a consideration of the facts, Plaintiffs' surviving claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes that the proposed settlement is fair and reasonable under both California and federal law standards.

### B. Distribution Plan

Additionally, the Court finds that the proposed method of disbursement is reasonable and in accordance with California law. California probate law governs

the proposed methods of disbursement of minors' settlement funds. *See* CivLR 17.1(b)(1). According to the California Probate Code, courts can use a wide variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code §§ 3600 *et seq.* ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq.").

Here, Plaintiffs propose delivering the net settlement balance for Minor Plaintiff P.C. to her parents, Valerie and Jason Clover, to be held in trust until P.C. reaches the age of majority. (Dkt. 153 at 4). The proposed procedure of disbursement as to Plaintiff P.C. is consistent with the California Probate Code, because her resulting net estate is less than $5,000. *See* Cal. Prob. Code §§ 3401, 3611(e). As for Minor Plaintiff J.C., Plaintiffs propose that his settlement funds be delivered to the parents, who will deposit the funds into a savings account with Chase bank, subject to withdrawal only by J.C. upon reaching the age of majority, or upon authorization of this Court. (Dkt. 153 at 4). The Court likewise finds the proposed method of disbursement as to Plaintiff J.C. consistent with the California Probate Code, because section 3611(b) permits that settlement funds be deposited in an insured account in a financial institution in this state, subject to withdrawal upon authorization of the court. *See* Cal. Prob. Code § 3611(b).

### C. Attorneys' Fees and Costs

Finally, the Court is required to approve the attorney fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955. "Generally, fees in minors cases have historically been limited to 25% of the gross recovery." *Napier v. San Diego*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. Nov. 28, 2017); *see also Patino v. Cnty. of Merced*, No. 118CV01468AWISAB, 2020 WL 6044039, at *6 (E.D. Cal. Oct. 13, 2020), *report and recommendation adopted*, No. 118CV01468AWISAB, 2020 WL 6582525 (E.D. Cal. Nov. 10, 2020) ("Attorneys' fees in the amount of twenty-five percent

(25%) are the typical benchmark in contingency cases for minors."). Here, Plaintiffs' counsel seeks $12,500 in attorney fees from the proceeds of Plaintiff J.C., and $1,250 in attorney fees from the proceeds of Plaintiff P.C. (Dkt. 153-1, Exs. A ¶ 16, B ¶ 16). Because these fees meet the historic cap of 25%, the Court finds them presumptively reasonable.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Petition, **APPROVES** the minors' compromises, and **ORDERS** the following:

1. Plaintiff J.C. shall receive a gross settlement amount of $50,000, less $12,500 in attorney fees, for a net recovery of $37,500, to be delivered to the parents, Valerie and Jason Clover, who will deposit the funds into a savings account with Chase bank, subject to withdrawal only by J.C. upon reaching the age of majority, or upon authorization of this Court, consistent with Cal. Prob. Code § 3611(b).

2. Plaintiff P.C. shall receive a gross settlement amount of $5,000, less $1,250 in attorney fees, for a net recovery of $3,750, to be distributed to her parents, Valerie and Jason Clover, and held in trust until P.C. reaches the age of majority, consistent with Cal. Prob. Code § 3401.

**IT IS SO ORDERED**.

Dated:  March 28, 2023

_____
Hon. Larry Alan Burns
United States District Judge